<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**MARIAH SMITH**,

            Plaintiff,

v.

**DR. CHANDAN AHUJA,** *et al.*,

            Defendants.

Civil Action No. 24-9568 (ZNQ) (JTQ)

**OPINION**

<u>**QURAISHI, District Judge**</u>

      **THIS MATTER** comes before the Court on a Complaint ("Compl.," ECF No. 1) and application to proceed *in forma pauperis* ("IFP") ("IFP Appl.," ECF No. 1-3) filed by *pro se* Plaintiff Mariah Smith. For the reasons set forth below, Plaintiff's IFP application will be **GRANTED**. Because the application will be granted, the Court will also screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, the Complaint will be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**I.**      <u>**BACKGROUND**</u>

      Plaintiff is a New Jersey resident who sought dental care from Defendants at their practice in East Brunswick, New Jersey on March 21, July 3, and July 24 of 2024. (ECF No. 1 at 3.) Defendant Dr. Chandan Ahuja is alleged to own the practice. (*Id.* at 1.) Defendant Stephanie

Ekemezie is alleged to work as a dentist at the practice and to have provided Plaintiff with care. (*Id.* at 3–4.)

Plaintiff filed a Complaint on July 24, 2024. The Court construes the Complaint as alleging malpractice against Defendants stemming from what Plaintiff alleges was inadequate dental care. (*See generally* Complaint.) Notably, the form Complaint Plaintiff used checks no boxes identifying a category of subject matter jurisdiction and in the space the form Complaint asks for a basis for subject matter jurisdiction, Plaintiff responds "I don't know."

**II.     LEGAL STANDARD**

An IFP application "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The court, accordingly, must carefully review an application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the court will grant leave to proceed [IFP]." *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (citation omitted). Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case at any time if the court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

"Federal courts, as courts of limited jurisdiction, have an obligation to establish subject matter jurisdiction, raising it *sua sponte* if necessary." *United States v. Port Imperial Ferry Corp.*, Civ. No. 16-2388, 2023 WL 2535302, at *4 (D.N.J. Mar. 16, 2023) (citing *Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995)). If a court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action because subject matter jurisdiction "call[s] into question the very legitimacy of a court's adjudicatory authority." *Council Tree Comm'ns, Inc. v. FCC*, 503 F.3d 284, 292 (3d Cir. 2007) (citation omitted); *see also Pinho v.*

*Gonzales*, 432 F.3d 193, 200 (3d Cir. 2005) ("[The court is] required to consider the issue of subject matter jurisdiction, even though neither party contends that it is lacking." (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986))). "Where a district court lacks subject-matter jurisdiction, its disposition of such a case will be without prejudice." *Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 580-81 (3d Cir. 2007) (citing *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997)).

### III. DISCUSSION

#### A. PLAINTIFF'S IFP APPLICATION

Under 28 U.S.C. § 1915(a), an application to proceed IFP must contain an affidavit that includes a complete list of the applicant's assets and establishes that the applicant is unable to pay the requisite fees. 28 U.S.C. § 1915(a); *Roy v. Perm Nat'l Ins. Co.*, Civ. No. 14-4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision to grant or deny an IFP application is based solely upon the economic eligibility of the applicant. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976) (citation omitted).

In support of the IFP application, Plaintiff submitted a statement of all her assets, income, and expenses. (*See generally* IFP Appl.) The IFP application is complete and indicates that Plaintiff collects a modest amount in social security benefits. (*Id.*) Plaintiff has no other sources of income or assets. (*Id.*) The Court, accordingly, finds that Plaintiff has established indigence and will therefore grant Plaintiff's IFP application.

#### B. COMPLAINT SCREENING

The Court has an ongoing duty to ensure that it has jurisdiction over Plaintiff's claims. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) (stating that a district court "always has jurisdiction to determine its [own] jurisdiction." (citing *United States v. Ruiz*,

3

536 U.S. 622, 628 (2002))). This Court has jurisdiction if a federal question exists or there is diversity between the parties. 28 U.S.C. §§ 1331, 1332.

Construing the allegations generously, the Complaint fails to assert a basis for the Court to exercise federal question jurisdiction. As noted above, on the pre-printed Complaint form, Plaintiff did not check any of the boxes indicating the "basis for federal court jurisdiction." (Compl. at 2, Section II(A).) She responds "I don't know" in the section of the Complaint form requesting the specific federal statutes or laws that are at issue in this case. (*Id.* Section II(B).) Plaintiff has therefore not met her burden of establishing federal question jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (noting the party who invokes the jurisdiction of a federal court has the burden of demonstrating its jurisdiction).

Similarly, the Complaint fails to allege that diversity jurisdiction exists. The Complaint does seek money damages of $100,000 and thus appears to meet the $75,000 jurisdictional threshold. However, Plaintiff does not adequately allege diversity jurisdiction because the Complaint does not assert that the parties reside in different states. (*See generally* Compl.) Specifically, Plaintiff identifies her own New Jersey residence. With respect to Defendants, she provides what appears to be the New Jersey address of the dental practice. (*Id.* at 3, Section II(C).) Accordingly, the Court finds that diversity of citizenship is not adequately alleged.

Because the Court lacks subject matter jurisdiction over this action on either federal question or diversity grounds, this case must be dismissed. Given that Plaintiff is proceeding *pro se*, she will be given until **May 23, 2025** to file an Amended Complaint that cures the deficiencies identified within this Opinion.

**IV.     CONCLUSION**

For the reasons stated above, the Court will **GRANT** Plaintiff's application to proceed IFP and **DISMISS WITHOUT PREJUDICE** the Complaint. Plaintiff will be given until **May 23, 2025** to file an Amended Complaint. An appropriate Order will follow.

Date: April 23, 2025

                                        s/ Zahid N. Quraishi
                                        **ZAHID N. QURAISHI**
                                        **UNITED STATES DISTRICT JUDGE**